No. 14,452.

COMMERCIAL CASUALTY INSURANCE COMPANY *v.* MAPELLI
BROTHERS, INC.

(90 P. [2d] 1)

Decided March 27, 1939.   Rehearing denied May 1, 1939.

Messrs. BANNISTER & BANNISTER, Mr. FRANK J. TRE-
LEASE, for plaintiff in error.

Mr. ANTHONY F. ZARLENGO, Mr. ISAAC MELLMAN, for de-
fendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial
court and are hereinafter referred to as there.

Defendant wrote burglary insurance on plaintiff's safe.
The safe was rifled and defendant refused to pay because

204

the particular loss was not covered. The cause was tried to the court which held otherwise and entered judgment accordingly. To review that judgment defendant prosecutes this writ and asks that it be made a supersedeas. By agreement the cause was orally argued and finally submitted on that application. The policy was for $1,500; the loss claimed was $1036.54; and the judgment was for $656.40 and costs. The seven assignments raise but one question which is argued, i. e., Was the loss sustained from that portion of the safe covered?

There were two iron doors to the safe, both locked and both broken open. Inside these were various drawers and pigeonholes, having no separate locks, and a steel "chest" having a separate "burglar-proof," but unused, lock. The policy specifies that "the doors of the safe are locked by combination locks as follows: (1) Outer safe door combination (2) Middle door key lock (3) Inner chest door combination." It is stipulated that, "All combination and time locks on all safe and vault doors will be maintained in proper working order and will be regularly used while this policy is in force." Insurance was limited to "inside the chest or compartment." The trial court held that loss of money from the drawers and pigeonholes was covered by the policy, but otherwise as to loss from the chest because it had been left unlocked.

Is the word "compartment" but another name for "chest" or does it refer to the draws and pigeonholes? This is the sole question before us. Otherwise stated: Is the word "or" in the phrase "chest or compartment" used as in "habitation or dwelling," or is it used as in "brick or stone"? Looking only to the policy we say the former, and this so conclusively as to foreclose oral evidence.

Drawers, pigeonholes, and chest having been alike protected by two locked iron doors why should the insurance company stipulate that the steel chest should be separately locked with a burglar-proof combination before

it would assume the same liability with respect to funds therein as in the other compartments? Why should plaintiff contract to lock this chest when it could always toss its currency into the pigeonholes with identical protection? Again, if one drawer or pigeonhole was covered all were. Since "compartment" in the phrase is singular it must be read "inside the chest or *the* compartment." If "compartment" is not another word for "chest" then to which drawer or pigeonhole does it relate? Such interpretation gives us a policy so indefinite that if various sums are taken from these several compartments (which was the fact) plaintiff would be unable to prove any indemnified loss because it could not point out the insured compartment. Once more: This clause, interpreted as defendant contends, is the only one in the policy which fits insurance of the chest alone. Applied to plaintiff's theory it is at best ambiguous, whereas another clause, left blank, fits that theory like a glove. Counsel for plaintiff cite 9 C. J., page 1096, section 5, in support of their proposition that unused portions of a policy are not to be resorted to for the purpose of interpretation. But the language there used is "where the intention of the parties is otherwise clear." Here either defendant is right and there is no ambiguity, or the intention of the parties is not "otherwise clear." If the latter, and we resort to the preceding unused clause, which reads "outside or inside of any chest or compartment" we have the identical contract for which plaintiff contends, so terse and lucid that even a wayfaring man, burdened with his traditional defect, could not err as to its meaning. Why then should these parties pass this paved, well posted and inviting highway and turn aside into this dismal swamp?

But considerable oral evidence *was* taken. It presents some minor conflicts and some disputed rulings on admissibility. So far as there is any basis for the latter further voluntary or uncontested interrogation cured the error. From these portions clearly admissible and un-

contradicted we learn that this burglar proof chest, when locked, carried a rate fifty per cent lower than the drawers and pigeonholes; that this safe, when bought, had no such chest; that plaintiff, advised by a representative of defendant of the availability of this reduction, installed the chest and took the policy at the lower premium. Further comment is superfluous.

We find no evidence to support this judgment. It is accordingly reversed and the cause remanded with directions to enter judgment for defendant.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.